NEW-YORK,,
Nov. 1809.

DUBOIS
v.
PHILIPS.

FOLGER and another *against* HOOGLAND.

EVERTSON, for the defendant, moved to set aside the attachment issued in this cause against *Joseph C. Field*, esquire, sh'eriff of *Dutchess* county.

*Talbot*, contra, objected, that the affidavit was erroneously entitled in the original suit. It should have been in the name of the sheriff, at the suit of the people.

———◆———

DUBOIS *against* PHILIPS, Executor of DUBOIS.

GROSVENOR, for the defendant, moved to set aside the default entered in this cause for want of a plea, on the ground of irregularity. It appeared that the defendant had pleaded *non assumpsit,* and *plene administravit,* copies of which pleas, signed by the defendant's attorney, had been duly served on the plaintiff's attorney.

*Emmet*, contra, said, that the plea was a double plea, and was not signed by counsel, and therefore the plaintiff

*Special* pleas must be signed by counsel. In cases not provided for by the rules of this court, the practice of the court of K. B. is followed.

* 1 *Sellon*, 316.

† 1 *Sellon*, (B.)
326.

was authorised to enter the default, according to the practice of the *English* court of K. B.

*Grosvenor*, in reply, observed, that the plea of *plene administravit* was tantamount to the general issue ;* and was not therefore within the rule of the *English* practice ;† but he did not understand that such a rule had been established by this court.

*Per Curiam.* In all cases not provided for by the rules of this court, we follow the practice of the court of K. B. in *England.* Special pleas must be signed by counsel. Where the attorney who signs the plea is also of the degree of counsellor, that will be sufficient; but he must sign *as counsel,* as well as attorney. If there be no addition to the name, it is enough; otherwise, if he only adds attorney to his name, it will not be considered as signed by counsel.